IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THALIA ALEXIOU | : | CIVIL ACTION |
| v. | : | |
| ANGELO MOSHOS | : | NO. 08-5491 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE

In this diversity contract action, Plaintiff Thalia Alexiou ("Plaintiff") brought suit against Defendant Angelo Moshos ("Defendant"), her brother-in-law,[1] for damages allegedly arising out of a September 15, 2004, agreement pursuant to which Defendant loaned money to Plaintiff and her husband to buy a property in Philadelphia. Presently before the court is Defendant's Motion to Modify Scheduling Order Pursuant to Rule 16 of the Federal Rules of Civil Procedure (Doc. 37), and Plaintiff's memorandum in opposition thereto (Doc. 38). For the following reasons, I will deny the motion.

**I.     FACTS AND PROCEDURAL BACKGROUND**

There is no dispute between the parties regarding the discovery-related facts and procedural history as they relate to the motion.

Plaintiff commenced this action in the Court of Common Pleas of Philadelphia County, and Defendant removed it to this court on November 20, 2008. See Doc. 1.

---

[1]Plaintiff alleges that she was the common law wife of Defendant's brother, Lazaros Moshos ("Lazaros"), at the time of the loan agreement. See Doc. 1 at ¶ 6; Doc. 24 at ¶ 6. Lazaros subsequently died in an automobile accident.

Defendant filed his answer on December 1, 2008. See Doc. 2. The case was heard by a panel of arbitrators and an award was entered on April 2, 2009. See Doc. 17.[2] Plaintiff appealed the result, requesting a trial de novo. See Doc. 18.

On May 5, 2009, the Honorable Mary A. McLaughlin referred the matter to me for all proceedings, upon the execution of both parties' consent. See Docs. 20-21. On May 12, 2009, I conducted a telephonic conference with counsel. When I asked counsel what discovery was necessary, counsel explained that they had not served document requests, but that only the parties' depositions needed to be taken. Accordingly, I issued a Scheduling Order with a short discovery end date of June 5, 2009, a dispositive motion deadline of June 12, 2009, and trial date of July 27, 2009. See Doc. 22.

Counsel were unable to arrange the depositions of the parties in conformity with the June 12, 2009, discovery deadline. See Brown Cert., attached to Pl.'s Br., at ¶ 9. In addition, on May 27, 2009, Defendant's counsel advised my chambers that, due to an unforeseen family medical issue, Defendant would be out of the country during the scheduled trial date.[3] On May 29, 2009, I held a telephonic conference with counsel to resolve the deposition and trial date issues. Based on representations by counsel that the depositions would occur by June 10, 2009, and that there were no other discovery issues, I

---

[2] There was no court reporter at the arbitration hearing, and the testimony was not transcribed.

[3] Plaintiff, Defendant and Lazaros are from Greece , and both Plaintiff and Defendant have present ties to Greece.

issued an Amended Scheduling Order extending the discovery deadline to June 10, 2009, and moving the pre-trial conference and trial date to October 26, 2009. See Doc. 25.

By letter dated June 4, 2009, Plaintiff's counsel advised me that the parties' depositions could not occur as tentatively scheduled for June 9th and June 10th, and that they would instead take place on June 17, 2009. As a result, Plaintiff's counsel requested that the discovery deadline be extended again, and that the dispositive motion deadline be extended for two weeks to allow for transcription of the deposition testimony. See Brown Letter 06/04/09, attached as Ex. A to Def.'s Br. Defendant's counsel did not object to the request. Id. Accordingly, on June 3, 2009, I issued a Second Amended Scheduling Order setting a new discovery deadline of June 17, 2009, and a dispositive motion deadline of June 26, 2009. See Doc. 29.

During the course of Plaintiff's deposition on June 17, 2009, counsel for Defendant identified certain documents he desired, specifically copies of bank records and tax returns for 2001-2008. See Pl.'s Dep., attached as Ex. B to Def.'s Br., at 23, 35. This led to the following exchange during the deposition:

> [PL.'S COUNSEL]: Gavin [Defendant's counsel], you and I can speak about document requests. If you want to go in to full document production which we haven't done I am happy to do that, but it will be on a mutual basis.
> [DEF.'S COUNSEL]: There is a list of things that we want, and I will let you know on the record and we can agree to a list after the deposition.
> [PL.'S COUNSEL]: I am willing to do a mutual listing for the deposition.

Id. at 35.  Thereafter, counsel for Defendant did not pursue the offer to draft a mutual list of document requests.  See Brown Cert. at ¶¶ 16-17.

On June 23, 2009 – six days after the close of discovery – counsel for Defendant mailed a First Set of Requests for Production of Documents ("Defendant's Document Requests") to Plaintiff, requesting that she:

1. Produce copies of all of your Wachovia and Mellon Bank records from 2000 to 2004.

2. Produce copies of all of your tax returns for the years 2000 through 2005.

3. Produce a copy of the final divorce agreement of Lazaros Moshos.

4. Produce all documents showing the source of the $90,000 deposit on the property at issue and the source of funds used to pay any other expenses or "extension fees" relating to the property that is the subject of this lawsuit.

5. Produce any and all documents supporting your allegation that the funds were provided by Lazaros Moshos to the Defendant to hold for him.

6. Provide any and all proof that over $400,000 was given by Lazaros Moshos to [Defendant] to hold for him.

7. Provide any and all proof that [Defendant] bought and sold stock for Lazaros Moshos.

8. Produce a copy of all closing documents relating to the purchase and sale of the Forked River New Jersey property including, but not limited to the source of any proceeds used to buy said property and the disposition of proceeds upon its sale.

4

    9.       Produce all documents relating to the loan applications filed by you in 2004 for the purpose of attempting to repay the $150,000 borrowed from [Defendant].

    10.      Produce any and all documents relating to the "fire loss" claim you testified about including any lists of the property lost, any checks received and any proof that such proceeds were deposited in your account and used to pay any part of [the] $90,000 deposit on the property at issue in this case.

    11.      Produce a copy of any documents you sent to Greece in relation to your allegation that you are entitled to any ownership interest in property formerly owned in part by Lazaros.

See Defendant's Document Requests, attached as Ex. C to Def.'s Br., at 6-8. Counsel did not obtain prior permission from the court to propound this late discovery, as required by the Second Amended Scheduling Order. See Doc. 29 ("The deadlines listed above are subject to revision only by the court and only for good cause.").

On June 26, 2009 – the dispositive motion deadline as set forth in the Second Amended Scheduling Order – Plaintiff filed a motion for partial summary judgment.[4] See Doc. 33. Plaintiff filed the motion for partial summary judgment before receiving Defendant's Document Requests. See Brown Cert. at ¶ 20.

By letter dated August 4, 2009, counsel for Plaintiff advised opposing counsel that Plaintiff did not intend to provide the discovery requested because the requests were made after the court-ordered discovery deadline and without the court's permission. See

---

[4]The partial summary judgment motion remains pending.

5

Brown Letter 08/04/09, attached as Ex. D to Def.'s Br.  Thereafter, on August 13, 2009, Defendant filed the present motion, seeking leave to serve the document requests on Plaintiff.  See Doc. 37.  On August 27, 2009, Plaintiff filed a memorandum opposing the motion.  See Doc. 38.

## II.    DISCUSSION

Federal courts have broad discretion to manage discovery.  Sempier v. Johnson & Higgins, 45 F.3d 724, 734 (3d Cir. 1995).  Modifications to a scheduling order are governed by Rule 16(b) of the Federal Rules of Civil Procedure, which provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. Proc. 16(b)(4).  To establish good cause, the moving party must demonstrate that a more diligent pursuit of discovery was impossible.  McElyea v. Navistar Int'l Trans. Corp., 788 F.Supp. 1366, 1371 (E.D. Pa. 1991) (citing Hewlett v. Davis, 844 F.2d 109, 113 (3d Cir. 1988)); see also Agrizap, Inc. v. Woodstream Corp., No. 04-3925, 2007 U.S. Dist. LEXIS 1794, *5-6 (E.D. Pa. Jan 9, 2007) (Robert F. Kelly, Sr. J.) ("Under Rule 16(b) the moving party must show that despite its diligence, it could not reasonably have met the scheduling order deadline.").  Thus, the good cause standard "primarily considers the diligence of the party seeking the amendment," the focus of which is "the moving party's reasons for seeking modification."  Id. at *6 (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).  "If that party was not diligent, the inquiry should end."  Id.

I find that a modification of my Second Amended Scheduling Order is not warranted.  Defendant never served timely document requests – not prior to arbitration, not after arbitration and prior to consenting to proceed before me, and not after I assumed jurisdiction.  Moreover, at no time did counsel inform me that any discovery was needed other than the parties' depositions, even though I specifically inquired as to any outstanding discovery during my first telephonic conference with counsel on May 12, 2009, and prior to issuing both my First and Second Amended Scheduling Orders.  On each of the occasions, the only discovery-related difficulties mentioned by counsel related to the timing of the parties' depositions.

Defendant's argument that he "could not possibly have met the discovery deadline" because he did not discover the existence of the documents until the last day of discovery during Plaintiff's deposition, see Def.'s Br. at 3, is not credible.  This is not a terribly complicated case, involving an agreement among Plaintiff, her now-deceased husband, and her brother-in-law over a loan for the purchase of a property.  The documents sought include such things as Plaintiff's bank records, tax returns, divorce decrees, the sources of various deposits, fees and loans, and documents related to properties owned by Plaintiff and her husband.  Surely Defendant had knowledge of the existence of most, if not all, of these when he responded to the Complaint, and certainly by the date of the arbitration.  Yet Defendant offers no reason he could not have requested these documents at an earlier stage in the case.  Defendant clearly had a strategic or other

7

reason to litigate the case without taking advantage of the written discovery process available to him, and should not be permitted to change that strategy after the discovery period ended.[5]

Defendant's failure to submit any document requests during the six months prior to the discovery deadline constitutes a miscalculation that does not warrant modification of the Second Amended Scheduling Order. See Hazerci v. Technical Educ. Services, Inc., No. 08-1092, 2009 WL 1515742, *1 (E.D. Pa. May 29, 2009) (Ludwig, J.) (quoting Chancellor v. Pottsgrove, 501 F.Supp.2d 695, 701 (E.D. Pa. 2007) ("Carelessness, or attorney error . . . is insufficient to constitute 'good cause' under Rule 16(b)."). Moreover, the aforementioned facts undermine Defendant's claim that he acted diligently in pursuing his document requests. Such a failure to act diligently is fatal to his present request. See McElyea, 788 F.Supp. at 1371; see also GLS v. Dow Chemical Co., No. 87-3735, 1989 WL 144056, at *2 (E.D. Pa. Nov. 21, 1989) (Powers, M.J.) ("If court orders establishing discovery deadlines are to mean anything, there must be some duty on counsel . . . to plan and monitor their discovery efforts so that all foreseeably necessary discovery may be completed in a timely fashion . . . [and] to inform the court promptly if

---

[5]To the extent some of the document requests concern specific claims made by Plaintiff at her deposition, and to which Defendant may not have had prior knowledge, a limited request directed narrowly to those items submitted immediately after the deposition would likely have met less resistance from both opposing counsel and the court.

unforeseen circumstances make compliance with the original deadline impossible.") (citation omitted).

Plaintiff's informal offer at her deposition to "do a mutual listing for the deposition" did not constitute an agreement to provide documents. Defendant did not attempt to discuss a mutual exchange with Plaintiff following the deposition, but rather unilaterally served an untimely document request without leave of court. I therefore conclude that counsel's discussion of a potential document production after the deposition does not alter the analysis of Defendant's motion.

Defendant also argues that Plaintiff is not able to show prejudice as a result of the document requests insofar as the pretrial stipulation is not due until September 29, 2009, and trial is not set to commence until October 26, 2009. See Def.'s Br. at 3. While those dates are correct, Defendant's argument misses the point. As previously explained, Rule 16(b) states that a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4). Rule 16 does not require the party opposing the modification of a scheduling order to show prejudice. See id.; see also Johnson, 975 F.2d at 609 ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is on the moving party's reasons for seeking the modification.").

Nevertheless, I note that Plaintiff is scheduled to be out of the country until October 9, 2009, one month from the date of this order and only seventeen days prior to

the scheduled start of trial.  See Pl.'s Mem. at 9; Brown Cert. at ¶ 22.  This would make it extremely difficult, if not impossible, for Plaintiff to comply with the court-approved late discovery sought by Defendant.  In addition, Plaintiff withheld her own formal requests for document production in deference to the court's scheduling order, particularly after defense counsel did not pursue opposing counsel's offer, made during Plaintiff's deposition, to draft a mutual list of document requests.  See Brown Cert. at ¶ 17.  Moreover, Plaintiff filed a motion for partial summary judgment on June 26, 2009, in accordance with the Second Amended Scheduling Order, and in anticipation that there would be no further discovery.  See Doc. 33.  As a result, allowing Defendant to proceed with his late document request would result in Plaintiff being disadvantaged merely for having given the court's scheduling orders the respect they deserve.  These factors supply additional reasons to deny the motion.

## III.    CONCLUSION

I find that Defendant was not diligent in attempting to obtain the documents sought, and therefore I decline to exercise my discretion to allow additional discovery.  Defendant's motion to modify the second scheduling order will be denied.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THALIA ALEXIOU | : | CIVIL ACTION |
| v. | : | |
| ANGELO MOSHOS | : | NO. 08-5491 |

## **ORDER**

AND NOW, this 9th day of September 2009, after consideration of Plaintiff's Motion to Modify Scheduling Order Pursuant to Rule 16 of the Federal Rules of Civil Procedure (Doc. 37), and Plaintiff's memorandum in opposition thereto (Doc. 38), it is hereby ORDERED that the motion is DENIED.

BY THE COURT:

/s/ Elizabeth T. Hey

_____
ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE