IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THALIA ALEXIOU | : | CIVIL ACTION |
| v. | : | |
| ANGELO MOSHOS | : | NO. 08-5491 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE

In this diversity contract action, Plaintiff Thalia Alexiou seeks contract and other damages against Defendant Angelo Moshos. Thalia and Angelo were sister and brother-in-law, because Thalia was married to Angelo's brother Lazaros Moshos.[1] Thalia alleges that Angelo breached an agreement dated September 15, 2004 (the "September Agreement"), pursuant to which Angelo loaned money to Thalia and Lazaros to buy a property located at 1001 10th Avenue in Philadelphia ("the Property"). Presently before the court is Thalia's motion in limine (Doc. 44) and Angelo's response thereto (Doc 45). In her motion, Thalia seeks to preclude (1) evidence related to an agreement signed by Thalia, Lazaros and Angelo and dated November 15, 2004 ("November Agreement"), (2) evidence related to Angelo's alleged loans to Lazaros and Thalia, and (3) evidence related to Thalia's personal background. For the following reasons, the motion will be granted in part and denied in part.

---

[1] As this action concerns a dispute among family members, I will refer to the parties by their first names to avoid confusion. Lazaros died after execution of the agreements at issue.

I.  **PROCEDURAL HISTORY**

In this action, Thalia seeks to recover the $90,000 she paid toward the purchase of the Property at closing, plus the costs of deposits, extension fees, mortgage assumption payments, renovation expenses, and other fees and costs, for a total of $125,991.58.  See Joint Pretrial Stip. at Facts §§ 17-30.  In defense of the action, Angelo asserted, among other things, an affirmative defense that the November Agreement represented Thalia's release of any claims related to the Property.  See Doc. 6.  Thereafter, Thalia filed an Amended Complaint to include a count for declaratory relief, seeking a declaration from the court that the November Agreement was invalid due to lack of consideration, due to waiver or, in the alternative, that it was signed under duress.  See Doc. 28 (Count IV).  In his answer to the Amended Complaint, Angelo asserted a counterclaim for declaratory judgment with respect to the November Agreement, seeking its enforcement as a complete release, as well as an affirmative defense asserting the release.  See Doc. 30.

Thalia filed a motion for partial summary judgment on her declaratory judgment action, seeking the court's ruling that the November Agreement was void as a matter of law for lack of consideration.  By Memorandum and Order dated October 2, 2009, I granted Plaintiff's motion and entered judgment in favor of Thalia as to Count IV of the Amended Complaint.  See Doc. 42, 43.  Although the Memorandum and Order

specifically addressed only Count IV of the Amended Complaint, it had the effect of dismissing Angelo's counterclaim relying on the validity of the November Agreement.

On September 29, 2009 – prior to my ruling on Plaintiff's motion for partial summary judgment – the parties submitted their Joint Pretrial Stipulation. Thalia now seeks to preclude three categories of evidence which Angelo has identified in the pretrial stipulation and plans to introduce at trial, namely (1) evidence related to the November Agreement, (2) evidence related to Angelo's loans to Lazaros and Thalia, and (3) evidence related to Thalia's personal background.

## II. **EVIDENTIARY STANDARD**

Under the Federal Rules of Evidence, relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequences to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Civ. P. 401. Rule 402 provides, in part, that "[e]vidence which is not relevant is not admissible." Fed. R. Civ. P. 402. In addition, Rule 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Civ. P. 403. "[T]here is a strong presumption that relevant evidence should be admitted, and thus for exclusion under Rule 403 to be justified, the probative value of

evidence must be 'substantially outweighed' by the problems in admitting it." <u>Coleman v. Home Depot, Inc.</u>, 306 F.3d 1333, 1344 (3d Cir. 2002) (quoting Fed. R. Civ. P. 403).

### III. <u>DISCUSSION</u>

#### A. <u>Timeliness of Thalia's Motioin in Limine</u>

Angelo argues that I should summarily deny Thalia's motion in limine because the motion is untimely. <u>See</u> Doc. 45 at 4-5. On June 4, 2009, I entered a Second Amended Scheduling Order that required the parties to file motions in limine on or before June 26, 2009. <u>See</u> Doc. 29. On July 22, 2009, I entered a Third Amended Scheduling Order that required the parties to file a Joint Pretrial Stipulation on or before September 29, 2009, but which provided that "[a]ll other deadlines stated in the Second Amended Scheduling Order remain in effect" and "deadlines are subject to revision only by the Court and only for good cause." Doc. 36. Thalia filed her present motion in limine on October 15, 2009, well after the deadline set forth in the Second Amended Scheduling Order.

As previously explained, I granted Thalia's motion for partial summary judgment on October 2, 2009, several days after the parties submitted their Joint Pretrial Stipulation in compliance with my Third Amended Scheduling Order. Because I ruled that the November Agreement is void as a matter of law for lack of consideration, that ruling bears directly on at least one aspect of the present motion in limine, namely, that evidence related to the November Agreement should be precluded at trial. The remainder of the motion in limine relates to matters Angelo incorporated into the parties' pretrial

4

stipulation, well after the motion in limine deadline set forth in the Second Amended Scheduling Order. Therefore, Thalia's motion in limine will not be denied on grounds of timeliness.

### B. Evidence Related to the November Agreement

Thalia first seeks to exclude evidence related to the November Agreement. See Pl.'s Br. at 7-8. Because I previously ruled that the November Agreement is void as a matter of law for lack of consideration, See Doc. 42, 43, that purported contract, including Thalia's alleged contractual release of all interest in the Property, has been removed from the case as a matter of law. Therefore, I will grant Thalia's motion in limine to the extent that the defense will be precluded from offering any evidence of the November Agreement.

### C. Evidence Related to Angelo's Loans to Lazaros and Thalia

Thalia also seeks to exclude evidence related to loans Angelo allegedly made to her and/or Lazaros. See Doc. 43 at 8-9. Thalia argues that because Angelo did not assert a counter-claim or affirmative defense of set-off in his Answer to the Amended Complaint, he waived the issue of prior loans, rendering any such loans irrelevant. Id. at 5, 8. Angelo counters that his understanding of the Lazaros's and Thalia's alleged debts to him are directly relevant to the questions of Thalia's damages, her credibility and on whether she can assert her equitable claims. See Doc. 45 at 9-10. Therefore, he has orally asserted his right to raise the affirmative defense of set-off.

I agree with Angelo that the question of prior loans he may have made to Lazaros and Thalia, and the parties' respective understanding of any such loans, has a direct bearing on the issues raised in the case, in particular to Thalia's equitable claims and to any calculation of damages. However, because Angelo did not assert the affirmative defense of set-off in his Answer to the Amended Complaint, see Doc. 60, it is necessary to address whether Defendant waived that affirmative defense for purposes of trial.

Rule 8 of the Federal Rules of Civil Procedure states: "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . ." Fed. R. Civ. P. 8. Generally, a failure to plead a requisite affirmative defense results in the forced waiver of that defense and its exclusion from the case. Trio Process Corp. v. L. Goldstein's Sons, Inc., 461 F.2d 66, 74 (3d Cir. 1972). However, the Third Circuit has held that waiver of an affirmative defense may not result if the defendant "raised the issue at a pragmatically sufficient time, and the [opposing party] was not prejudiced in its ability to respond." Kleinknecht v Gettysburg Coll., 989 F.2d 1360, 1373-74 (3d Cir. 1993). Therefore, federal courts have allowed an affirmative defense to be asserted in a variety of procedural circumstances, up to the eve of trial, so long as the affirmative defense does not surprise or unfairly prejudice the opposing party. See, e.g., Kleinknecht, 989 F.2d at 1373-74 (allowing affirmative defense first raised in motion for summary judgment); Charpentier v. Godsil, 937 F.2d 859, 863-64 (3d Cir. 1991) (allowing affirmative defense first raised in trial brief); Dennis v. General Imaging, Inc., 918 F.2d

496, 499-500 (5th Cir. 1990) (allowing affirmative defense first raised after answer to motion for summary judgment).

Here, Angelo asserted the affirmative defense of set-off in his Amended Answer to the Complaint, thus placing Thalia on notice of the issue from the outset of the case, prior to it being heard by an arbitrator.  See Doc. 6, Aff. Def. No. 4.  By letter to Thalia's attorney dated April 28, 2009, counsel for Angelo stated that Angelo would not be proceeding on his counterclaims.  See 04/28/09 Letter, attached to Doc. 43 at Ex. B.  However, in the same letter Angelo's attorney stated: "We reserve the right however, to raise all defenses previously noted to the claims."  Id.  In addition, although Angelo did not plead the affirmative defense of set-off in his Answer to the Amended Complaint, he did plead accord and satisfaction.  See Doc. 30, Fourth Aff. Def.  Also, he raised the issue of the prior loans in his answer to Thalia's motion for partial summary judgment.  See Doc. 34.  Thus, Thalia has been on notice throughout the case that Angelo would rely on the loans he made to Thalia and Lazaros.

Under these circumstances, I find that permitting Angelo to assert the affirmative defense of set-off would neither surprise, nor unfairly prejudice, Thalia.  It follows, therefore, that the question of prior loans Angelo may have made to Lazaros and/or Thalia are admissible.  Therefore, I will deny this aspect of Plaintiff's motion in limine.

### D.     Evidence Related to Thalia's Personal Background

Thalia also seeks to exclude evidence related to her personal background, specifically testimony regarding Thalia's prior marriage or beliefs regarding the supernatural.  See Pl.'s Br. at 9.  Angelo opposes this aspect of the motion in limine on the grounds that the evidence is relevant for purposes of Thalia and Angelo's financial status, as well as Thalia's credibility.  See Doc. 45 at 10.

The facts of consequence in the present dispute concern the Property, the September Agreement, the purchase and sale of the Property, money put into the Property by Thalia, and the history of monetary interactions among Thalia, Angelo and Lazaros. Thalia's spiritual beliefs, including any belief in the supernatural or holistic therapy, is clearly irrelevant to the jury's determination of these facts.

The question of Thalia's prior marriages presents a closer call, as it is conceivable that her personal history in this regard could have some bearing on her subsequent financial situation.  Nevertheless, I find that Thalia's prior marriages have, at best, only a tenuous bearing on the questions presented in this case, and that any such bearing is substantially outweighed by the danger that knowledge of the prior marriages could prejudice Thalia in the eyes of the jury.  Therefore, this aspect of Plaintiff's motion in limine will be granted.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THALIA ALEXIOU            :        CIVIL ACTION

v.                        :

ANGELO MOSHOS             :        NO. 08-5491

## ORDER

AND NOW, this        day of October 2009, after consideration of Plaintiff's motion in limine (Doc. 44) and Defendant's response (Doc. 45), it is hereby ORDERED as follows:

1. Plaintiff's motion to exclude evidence of the November Agreement is GRANTED;

2. Plaintiff's motion to exclude evidence related to Defendant's alleged prior loans to Plaintiff and Lazaros Moshos is DENIED; and

3. Plaintiff's motion to exclude evidence related to Plaintiff's personal background is GRANTED.

BY THE COURT:

_____
ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE